UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORMAN A. STEIBEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV2089SNLJ |
| ) | |
| CITY OF BELLA VILLA, ET. AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendant's bill of costs (#66), filed May 27, 2009. Plaintiff has filed a response objecting to the subject costs in its entirety as having a "chilling effect" on future civil rights litigation (#67), filed May 31, 2009. Defendant has filed a reply asserting that it is entitled to costs as the prevailing party, that it has chosen to forgo requesting attorneys' fees in this case, and that the "chilling effect" is diminutive considering that plaintiff's counsel has filed numerous similar cases despite achieving little, if any, success in these other cases.

The Federal Rules of Civil Procedure provide that "[u]nless a federal statute, these rules, or a court order provided otherwise, costs - - other than attorney's fees - - should be allowed to the prevailing party." Rule 54(d)(1) Fed.R.Civ.P.[1] Rule 54(d)(1) has been interpreted as creating a presumption that costs are to be awarded to the prevailing party; however, the Court has "substantial discretion in awarding costs." *See*, <u>Marmo v. Tyson Fresh Meats, Inc.</u>, 457 F.3d.

---

[1] 28 U.S.C. §1920 defines "costs" and sets forth the catagories of trial expenses awardable to a prevailing party under Rule 54(d). Since the plaintiff does not object to any specific costs listed, there is no need for the Court to go through any analysis regarding the appropriateness of any particular cost listed by the defendants.

748, 762 (8th Cir. 2006) *citing* Computrol, Inc. v. Newtrend, L.P., 203 F.3d. 1064, 1072 (8th Cir. 2000)(citation omitted).

In the instant case, plaintiff has the burden of showing that costs should not be imposed. *See*, Whitfield v. Scully, 241 F.3d. 264 (2nd Cir. 2001); Wagner v. City of Pine Lawn, 2008 WL 2323486 (E.D.Mo. May 30, 2008) *citing* Whitfield, *supra*. Plaintiff argues that the Court should decline to assess costs because to do so would have a "chilling effect" on plaintiffs bringing civil rights cases. Plaintiff cites numerous cases and makes generalized assertions that allowing costs would chill meritorious litigation. Defendant counters that the costs requested are not excessive, that they have elected to forgo seeking attorneys' fees in this action, and that the "meritorious litigation" argument is not applicable to the instant litigation.

The Court has reviewed the requested costs and the parties' pleadings. The costs sought are appropriate and reasonable, and the fact that the defendants have voluntarily elected not to seek attorneys' fees is commendable. Moreover, the plaintiff's case was weak at best, and that counsel's numerous other lawsuits against these same defendants have been largely unsuccessful; thus, the Court is not concerned with any "chilling effect" on future "meritorious litigation" that may be brought in the future.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motion for costs (#66) be and is **GRANTED.**

**IT IS FINALLY ORDERED** that the defendants' bill of costs (#66) shall be taxed by the Clerk of the Court in the total amount of $910.99.

Dated this  15th    day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE